# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES C. KLUEBER, *Plaintiff, pro se* | : | CIVIL ACTION |
| v. | : | |
| ROBERT PATTERSON, *Esq.*, MICHAEL SCHWARTZ, *Esq.*, *Defendants.* | : | NO. 18-588 |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                                   **MARCH 23, 2018**

Plaintiff James C. Klueber, a State inmate proceeding *pro se*, has filed this civil action pursuant to 42 U.S.C. § 1983 against attorneys Robert Patterson and Michael Schwartz. On March 20, 2018, the Court received the full filing fee from Mr. Klueber. For the reasons set forth below, the Court will dismiss Mr. Klueber's complaint, with prejudice.

## I. FACTS AND PROCEDURAL HISTORY

A review of the public dockets reflect that on December 22, 1999, the Palmer Township Police Department in Northampton County charged Mr. Klueber with indecent exposure, corruption of minors—assist minor violate parole, and open lewdness. *Commonwealth v. Klueber*, Docket No. CP-48-CR-0000263-2000 (Northampton Cty. Court of Common Pleas). Mr. Klueber pled guilty to open lewdness and was sentenced to ninety (90) days in jail. *Id.* Attorney Robert Patterson represented Mr. Klueber during these proceedings. *Id.*

The public dockets further reflect that on March 17, 2011, the Palmer Township Police Department charged Mr. Klueber with 134 counts of sexual abuse of children (sell pornography), 135 counts of sexual abuse of children (possession of child pornography), 135 counts of criminal

1

use of a communication facility, and 135 counts of selling obscene/sexual materials. *Commonwealth v. Klueber*, Docket No. CP-48-CR-000832-2002 (Northampton Cty. Court of Common Pleas). Attorney Robert Patterson again represented Mr. Klueber during trial proceedings. Mr. Klueber pled guilty to the 134 counts of sexual abuse of children (sell pornography) and was sentenced to an aggregate sentence of 402 to 804 months (33 ½ to 67 years). *Id.* Attorney Michael Schwartz subsequently represented Mr. Klueber at his appellate and state post-conviction proceedings. *Id.*

In 2010, Mr. Klueber, through Mr. Schwartz, filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 in this Court. *See Klueber v. Varano*, Civil Action No. 10-5165. In his *habeas* petition, Mr. Klueber argued that, with respect to his convictions for the 134 counts of sexual abuse of children, "trial counsel provided ineffective assistance of counsel in failing to file a motion to reconsider his sentence on the grounds that this sentence was so manifestly excessive and unreasonable that it constituted cruel and unusual punishment." *Klueber v. Varano*, No. 10-5165, 2012 WL 1466513, at * 2 (E.D. Pa. Mar. 14, 2012), *Report and Recommendation adopted by* 2012 WL 1481509 (E.D. Pa. Apr. 26, 2012). On April 26, 2012, the Honorable C. Darnell Jones II, United States District Judge, denied Mr. Klueber's § 2254 petition with prejudice. *Klueber v. Varano*, No. 10-5165, 2012 WL 1481509, at *1 (E.D. Pa. Apr. 26, 2012).

Mr. Klueber has now filed the instant complaint against attorneys Patterson and Schwartz alleging "ineffectiveness of counsel." (Compl. at 3.) He states that the specific "facts will be filed within therein, and brought forth a[t] trial, or be sent to a Federal lawyer, for the lawsuit." (*Id.*)

## II. STANDARD OF REVIEW

Although Mr. Klueber has paid the filing fee in full, the Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* at § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* at § 1915A(b)(2).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The determination of whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Probation & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the

face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mr. Klueber is proceeding *pro se*, his allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalpan*, 47 F.3d 628, 638 (3d Cir. 1995). Mr. Klueber cannot maintain constitutional claims against Attorneys Patterson and Schwartz because they are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Naranjo v. City of Phila.*, 626 F. App'x 353, 356 (3d Cir. 2015) (*per curiam*) (concluding that post-conviction counsel was not subject to suit pursuant to § 1983); *Clark v. Vernon*, 228 F. App'x 128, 131 (3d Cir. 2007) (*per curiam*) (same). Thus, the Court must dismiss Mr. Klueber's Complaint for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Klueber's complaint pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Klueber will not be permitted to file an amended complaint, as any such amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, and is docketed separately.